# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DERRICK S. PENNEY, BAR NO. 8606

No. 84201

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Derrick S. Penney be suspended from the practice of law for 36 months, stayed, with an actual suspension of 6 months for violations of RPC 1.3 (diligence), RPC 1.4(a) (communication), RPC 1.15(a), (d) (safekeeping property), RPC 3.2 (expediting litigation), RPC 8.1 (disciplinary matters), and RPC 8.4(c), (d) (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Penney committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's factual findings that Penney violated the above-referenced rules as those findings are supported by substantial evidence and are not clearly erroneous. SCR 105(3)(b); *In re Discipline of Colin*, 135

22-13645

Nev. 325, 330, 448 P.3d 556, 560 (2019). The record shows that Penney knowingly committed the violations charged above by failing to diligently litigate a probate case, communicate with a client and her family about the status of the case, or distribute the proceeds from the sale of decedent's house; by misappropriating about $150,000 in client funds and converting those funds for personal use; and by failing to reasonably respond to the State Bar's requests for information. The client testified that she ultimately received the full amount of money from the sale of the house.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Here, Penney knowingly violated duties owed to his client (diligence, communication, safekeeping property, and expediting litigation) and the profession (bar disciplinary matters and misconduct). His misconduct harmed or potentially harmed his client by causing the unreasonable delay of her case and by misappropriating client funds, which delayed the distribution of funds to other beneficiaries. The baseline

sanction for Penney's misconduct, before considering aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The panel found, and the record supports, four aggravating circumstances (dishonest or selfish motive, multiple offenses, substantial experience in the practice of law, and illegal conduct), and two mitigating circumstances (absence of a prior disciplinary record and substantial recent personal life changes). Considering all four factors, we agree with the panel's finding that the misconduct here does not warrant disbarment, especially in light of Penney's repayment of the client funds.

Accordingly, we hereby suspend attorney Derrick S. Penney from the practice of law for 36 months, with all but the first 6 months stayed, from the date of this order. Further, Penney is placed on probation during the stayed portion of the suspension subject to the following conditions: (1) he obtains and fully cooperates with a legal practice mentor approved by the State Bar and provides quarterly reports to the State Bar, (2) he will have no contact with client trust accounts, and (3) he completes 9 additional CLE hours in client trust account management. Penney shall also pay the costs of the disciplinary proceedings, including $2,500 under

SCR 120, within 30 days from the date of this order if he has not already done so.[1] The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Parraguirre

_____, J.        _____, Sr.J.
Cadish                        Gibbons


cc:    Chair, Southern Nevada Disciplinary Board
       Pitaro & Fumo, Chtd.
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court

_____

[1]The panel also recommended that Penney be required to pay $3,100 to the Client Security Fund of the State Bar, which is the fee paid to Penney by the client. The record, however, reflects that the panel did not find this fee excessive given the work done by Penney. And the record does not show that the client suffered a monetary injury or had any claims paid by the Client Security Fund. Accordingly, this monetary sanction is more akin to a punitive fine, which is contrary to the purpose of attorney discipline. *See In re Discipline of Reade*, 133 Nev. 711, 717, 405 P.3d 105, 109 (2017) (holding that a monetary fine exceeds the scope of sanctions that may be imposed with a suspension). Therefore, we do not adopt this recommendation.

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.